{¶ 73} Being unable to concur on the final aspect of the majority's opinion, I am compelled to respectfully dissent.
 {¶ 74} The majority's opinion thoroughly and correctly sets forth the law applicable to the present appeal and concludes that, despite defense counsel's failure to *Page 29 
object, the trial court, in failing to afford counsel an opportunity for final argument, committed structural error on the fleeing charge, and that the plain error doctrine is applicable thereto.
 {¶ 75} The majority concludes that plain error need not be corrected except to prevent a "manifest miscarriage of justice." Majority Opinion at ¶ 65-66. The majority finds no such miscarriage of justice in view of overwhelming evidence.
 {¶ 76} Nevertheless, I must depart company with the majority on the question of whether the defendant's inability to have even argued his view of the evidence to the trier of fact on the critical question of whether his conduct created a "substantial risk of * * * harm to persons or property[.]" Majority Opinion at ¶ 68 established cause for reversal. The risk of harm element makes the fleeing charge a felony of the third degree.
 {¶ 77} The defendant was acquitted by a jury of the greater charges of rape and felonious assault, and the trial judge, having heard additional evidence on the fleeing charge, was "hovering" on her decision from Friday through Tuesday.
 {¶ 78} The error at hand is structural and a per se cause for reversal. State v. Fisher, 99 Ohio St.3d 127, 2003-Ohio-2761. Per se prejudice exists affecting a substantial right. Arguments exist under the facts of this case concerning some discrepancies among the police officers testimonies; only approximations as to the speed of defendant's vehicle; the length of pursuit (one officer has it at two and one-half blocks); the knowledge and time thereof of defendant as to beacons and/or sirens; whether a place existed to pull-over before he did so; and the credibility of the inmate witnesses. *Page 30 
 {¶ 79} Moreover, argument may be made as to what specific evidence existed or lack thereof, detailing the action of defendant's vehicle coupled only with a general description of the neighborhood (as mixed business and residential).
 {¶ 80} All these factors may have been argued to the trier of fact in the hope of raising a reasonable doubt in the mind of the trial court. As stated by the United States Supreme Court in Herring v. New York
(1975), 422 U.S. 853, 864:
 * * * There is no way to know whether * * * arguments in summation might have affected the ultimate judgment in this case. * * *
 {¶ 81} Whether or not the defendant would have been found guilty, I believe under the facts of this case, being denied the opportunity to argue, presents a situation for the exercise of judicial discretion and I would, therefore, reverse and remand on the first assignment of error.
 {¶ 82} Having so concluded, I would hold assignments of error two and three to be moot. *Page 1